UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| STEPHEN D. ANDERSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  2:19-CV-20-TAV-MCLC |
| | ) | |
| ESCO JARNIGAN, Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On February 11, 2019, Stephen D. Anderson, a prisoner at the Bledsoe County Correctional Complex, filed a Complaint under 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and a "Motion to Seal Case" [Doc. 3]. On March 15, 2019, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5]. The Motion to Seal remains pending, and the Complaint has not yet been screened pursuant to the Prison Litigation Reform Act ("PLRA").[1] *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). For the reasons set forth below, Plaintiff's Complaint will be **DISMISSED** pursuant to the PLRA for failure to state a claim [Doc. 2], and his Motion to Seal will be **DENIED** [Doc. 3].

---

[1] On March 29, 2019, the Custodian of Inmate Accounts at Bledsoe County Correctional Complex returned the Court's March 15, 2019 Order, with a notation that "Inmate is not in TDOC custody." [Doc. 6]. However, it appears that the Custodian's search was performed using the inmate identification number for another inmate with a similar name to Plaintiff. A search of the Tennessee Department of Corrections' on-line Inmate Locator Service – which allows the public to track the location of state inmates – using Plaintiff's inmate number (109944), Plaintiff is still incarcerated at the Bledsoe County Correctional Complex. *See* Tenn. Dep't of Corr. Felony Offender Information Search, https://apps.tn.gov/foil-app/search.jsp (last visited May 17, 2019).

## I. PLAINTIFF'S COMPLAINT

Plaintiff's complaint is a twelve-page narrative that mentions: (1) the failure of prison and court officials to provide him with a copy of the arrest warrant for his October 2018 arrest for violating parole; (2) issues with the arrest warrant used in connection with his April 26, 2016 arrest for violating parole; (3) his belief that his legal mail may have been thrown away because he has not received copies that he requested from the federal courts; (4) various complaints regarding corrections officers at the Hamblen County Jail, including accusations that they are understaffed, "slow[]" in doing their jobs correctly, and either ignore or support gang and drug activity within the facility; (5) hearsay statements about inmates at the Hamblen County Jail who have died or been hospitalized, and concerns about the number of inmates in the facility with assault convictions and gang-related fights or assaults; (6) generalized complaints about conditions of confinement at the Hamblen County Jail including overcrowding, lack of recreation and outdoor time, failure to discuss fire safety with inmates, and problems with "healthcare, food, and time kept"; and (7) complaints regarding the length of time inmates remain incarcerated without going to trial or sentencing and the role and quality of representation provided by public defenders [*Id*. at 3-11]. Plaintiff concedes that he was not assaulted by or in any way involved with the gangs and that he has not made any attempt to utilize the prison grievance system [*Id*. at 2]. As for relief, Plaintiff requests (1) that a United States Marshal "get arrested in Hamblen County" to go undercover in the Hamblen County Jail to confirm his

various allegations, (2) a federal court Order that the United States Marshal's Office "take over" Hamblen County to "fix the court system and jail," (3) the arrest of Jarnigan and "any others br[e]aking the law," and (4) that any money be given to the Boys and Girls Club [*Id*. at 12].[2]

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Jones v. Bock*, 549 U.S. 199, 213 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Courts must liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *but see Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006) (noting that, despite the leniency afforded to *pro se* plaintiffs, the Court is "not require[d] to either guess the nature of or create a litigant's claim.").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). When

---

[2] Plaintiff has attached several documents to his form Complaint, including a purported copy of his 2016 arrest warrant for violating parole, a medical and neuropsychological report, and a purported copy of a motion for reconsideration that he filed in Tennessee state court [Doc. 2-1].

reviewing a complaint for failure to state a claim under Rule 12(b)(6), the Court must take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678; *see Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) ("A motion to dismiss for failure to state a claim [under Rule 12(b)(6)] is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."). While "detailed factual allegations" are not required, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, to survive dismissal for failure to state a claim, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*citing Twombly*, 550 U.S. at 555).

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Plaintiff's Complaint names only one Defendant – Sheriff Esco Jarnigan – but it fails to specify whether he seeks to sue Jarnigan in his official capacity, his individual capacity, or both. Plaintiff's Complaint has failed to set for any factual allegations against Sheriff Jarnigan individually. Because Plaintiff has not pled any facts regarding Jarnigan's

4

actions or inactions that give rise to a plausible § 1983 claim, any claims against Jarnigan in his individual capacity must be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) for failure to state a claim.

The Court must then turn to any purported official-capacity claims. It is well established that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Thus, Plaintiff's claims against Jarnigan in his official capacity is the equivalent to claims against the municipality itself—in this case, Hamblen County.

In order to succeed on a § 1983 claim premised on municipal liability, a plaintiff must establish that: (1) his harm was caused by a constitutional violation; and (2) the municipality itself was responsible for that violation, generally because of a policy, custom, pattern, or practice of the municipal defendant that caused the Plaintiff's constitutional injury. *See, e.g.*, *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

The Court notes that Plaintiff has generally failed to specify any constitutional bases for his § 1983 claims, and the Court is not required to speculate as to the nature of Plaintiff's claims. The Court has nonetheless afforded the pleadings a liberal construction and concludes that Plaintiff's factual allegations are insufficient to state any viable claim for relief pursuant to § 1983. First, any issues with respect to the warrants for Plaintiff's arrest or other issues that may relate to or undermine the legitimacy of his convictions may not be litigated in a § 1983 action unless that conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that *Heck* bars § 1983 claims that could invalidate a prisoner's conviction or sentence regardless of whether damages or equitable relief are sought). Next, to the extent that Plaintiff makes various generalized claims regarding injustices or harms that he has seen or heard about, he has failed to allege that he himself has been deprived of any federal right or suffered any personal harm, and as such, has failed to state a plausible claim for relief pursuant to § 1983. And with respect to Plaintiff's generalized allegations, regarding prison officials not fulfilling their duties and the conditions of confinement such as the efficacy of the legal mail system, medical care, food, and safety, the facts he states are too vague and conclusory to raise a plausible claim for relief.

The only claim that the Court can clearly discern from the complaint is that the overcrowding at Hamblen County Jail constitutes cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution. However, "overcrowding is

not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Rather, to state an Eighth Amendment claim premised on overcrowding, a prisoner must allege "extreme deprivations" resulting therefrom. *Id.* (quoting *Hudson v. Millian*, 503 U.S. 1, 9 (1992)). And even liberally construing Plaintiff's Complaint, he has failed to set forth any facts from which the Court could plausibly infer that the alleged overcrowding at Hamblen County Jail resulted in an "extreme deprivation." Accordingly, Plaintiff's overcrowding claim also fails to state a claim upon which relief may be granted under § 1983.

Plaintiff has not pled facts sufficient to allege a viable claim for a constitutional violation, but even assuming that Plaintiff could establish that he suffered a constitutional violation, the Plaintiff's Complaint does not contain any allegations regarding any policies, customs, patterns, or practices of Hamblen County that caused Plaintiff any harms. As such, he has failed to set forth a valid claim for municipal liability against Hamblen County, thus all of his official-capacity claims against Jarnigan must be **DISMISSED**.

Finally, the Court notes Plaintiff is not currently residing at Hamblen County Jail; rather, he is presently housed at Bledsoe County Correctional Complex. An inmate's request for injunctive relief against corrections officials based on their allegedly unconstitutional actions or inactions while the inmate was housed at a certain facility are rendered moot when he is no longer incarcerated at that facility. *See, e.g.*, *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th

7

pCir. 2003); *Gawloski v. Dallman*, 803 F. Supp. 103, 108 (S.D. Ohio 1992). Because Plaintiff has sought only injunctive relief, rather than monetary damages, and is no longer incarcerated at Hamblen County Jail, his claims are **MOOT** and subject to dismissal on that ground alone.

## II. MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff has also filed a Motion for leave to file under seal. [Doc. 3]. Plaintiff requests that "the Court leave [his] name out of this action for [his] protection from the gangs and the sheriff." [*Id.*; *see also* Doc. 2 at 10]. In his Complaint, he further requests that the Court "destroy all this paper work" to "save" him [Doc. 2 at 12].

"[T]he public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records." *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n,* 710 F.2d 1165, 1179 (6th Cir. 1983)). The public's right to access is not, however, absolute, and courts accordingly retain power over their own records and files, including the discretion to deny access "where court files might … become a vehicle for improper purposes."[3] *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Krause v. Rhodes*, 671 F.2d 212, 219 (6th Cir. 1982)). The party requesting leave

---

[3] Historically, "access has been denied where court files might have become a vehicle for improper purposes," such as situations where records may be "used to gratify private spite or promote public scandal," for documents that "serve as reservoirs of libelous statements for press consumption," or where records contain confidential business information that might harm the requesting party if disclosed. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978).

to file a document under seal must show "compelling reasons" warranting such a result. *Id.* (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987)). "Only the most compelling reasons can justify non-disclosure of judicial records," *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983), and the plaintiff bears the burden of demonstrating that such compelling reasons exist, *In re Se. Milk*, 666 F. Supp. 2d at 915.

The Court finds that Plaintiff has failed to meet his burden of showing compelling reasons to seal his Complaint or any other filings in this action. Although Plaintiff states in his Motion that he fears possible retaliation for filing this Complaint, he does not state what type of retaliation he fears. Indeed, Plaintiff does not even specifically name any individuals who are allegedly members of or involved with protecting gangs, and his allegations suggest that he is in no way entangled with the gang culture within the prison, but rather has merely been a passive bystander. Further, as discussed in detail above, Plaintiff's Complaint contains only vague factual allegations related to activities at the Hamblen County Jail, a facility at which he no longer resides. Accordingly, the Court finds that Plaintiff's vague and conclusory statements regarding fear and retaliation are insufficient to constitute a "compelling" reason to prohibit public disclosure of court documents. The Court has found that Plaintiff's Complaint is subject to dismissal under the PLRA for failure to state any plausible claim for relief, and it similarly finds that Plaintiff has failed to state any compelling reason justifying his request to seal this Complaint and/or action. The Motion to Seal [Doc. 3] is thus **DENIED**.

## III. CONCLUSION

For the reasons stated herein,

- Plaintiff's Motion for Leave to File Document Under Seal [Doc. 3] is **DENIED**;

- This action is hereby **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A);

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE